UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **BETTY CHITWOOD,** *Plaintiff* | § § § § | |
| **VS.** | § § § § | **CIVIL ACTION NO. _____** |
| | | **JURY TRIAL REQUESTED** |
| **B&D SPECIALIZED HAULING, INC. and WILLIAM J. TOUSEY,** *Defendants* | § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Betty Chitwood, Plaintiff, by and through her attorneys, the Law Offices of Thomas J. Henry, now comes before this Court and complains of B&D Specialized Hauling, Inc. and William J. Tousey as follows:

### I.   PARTIES

1.   Plaintiff Betty Chitwood is a citizen of Texas, residing in Longview, Texas.

2.   Defendant B&D Specialized Hauling, Inc. is a Wisconsin Corporation with its principal place of business located at 9268 W. County Road D, Antigo, WI 54409 and may be served with process by serving its registered agent Kenneth Becker at 2764 Shamrock Cir., Montgomery, TX 77316.

3.   Defendant William J. Tousey is a citizen of Wisconsin residing at 101 Neddo St., Oconto, WI 54153-1054 and may be served with process at his place of residence or wherever he may be found.

## II.   STATEMENT OF JURISDICTION AND VENUE

4.   Plaintiff Betty Chitwood is a citizen of Texas.  Defendant B&D Specialized Hauling, Inc. is a Wisconsin company with its principal place of business located at 4390 St. Andrews Crest Dr., Cumming, GA, 30040.  Defendant William J. Tousey is a citizen of Wisconsin. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

5.   Venue is proper under 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Midland County, Texas, which is within the Western District of Texas.

6.   Plaintiff requests a trial by jury.

## III.   FACTS

7.   At approximately 3:00 p.m. on September 23, 2021, Plaintiff Betty Chitwood was driving a 2021 White Lexus RX 350 (VIN# 2T2JZMAA7MC204200) westbound on I-20 in Midland County, Texas.

8.   Defendant William J. Tousey was operating a 1999 Red Freightliner Chassis tractor trailer (VIN# 1FUY3EDB0XLA99989) westbound on I-20 behind Mrs. Chitwood in Midland County, Texas.

9.   Defendant William J. Tousey was operating the tractor-trailer in the course and scope of his employment with B&D Specialized Hauling, Inc. and/or under the DOT authority of B&D Specialized Hauling, Inc.

10.   The weather was clear and the road was dry at the time and location where Betty Chitwood and William J. Tousey were traveling on I-20.

11.   The speed limit on this straight and level stretch of highway was 65 miles per hour.

12.   Ahead of Betty Chitwood and William J. Tousey, a disabled vehicle caused traffic to slow to a stop in the westbound lanes of traffic on I-20.

13.   William J. Tousey took his eyes off the road and failed to see the traffic ahead slowing to a stop.

14.   William J. Tousey was distracted by his cell phone and not watching the traffic on the road ahead of him.

15.   William J. Tousey failed to control his speed in order to avoid the vehicles on the roadway ahead of him that were slowing to a stop.

16.   William J. Tousey failed to apply his brakes in time to avoid a crash.

17.   William J. Tousey was inattentive to the traffic ahead of him that was slowing to a stop.

18.   As Betty Chitwood was close to a stop near mile marker 148, Defendant William J. Tousey rear ended her vehicle with his tractor trailer at a high rate of speed.

19.   The tractor trailer smashed Mrs. Chitwood's vehicle causing her to hit her head, break her ribs, and suffer severe trauma to her head, neck, shoulders, torso, back, flank, and lower extremities.

## IV.   COUNT I – NEGLIGENCE OF WILLIAM J. TOUSEY

20.   Plaintiff incorporates by reference herein all allegations set forth above.

21.   On September 23, 2021 Plaintiff Betty Sue Chitwood operated her vehicle in a lawful manner while traveling westbound on I-20 in Midland County, Texas.

22.   Defendant William J. Tousey was operating a tractor-trailer westbound, behind Mrs. Chitwood.

23.  At all times relevant hereto, Defendant William J. Tousey was acting within the course and scope of his employment with and/or under the DOT authority of B&D Specialized Hauling, Inc.

24.  Defendant William J. Tousey operated the tractor-trailer in a negligent manner and violated the duty which he owed Plaintiff to exercise ordinary care in the operation of the company commercial motor vehicle in one or more of the following respects:

   a.  in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b.  in failing to control his speed;

   c.  in failing to maintain an assured clear distance;

   d.  in failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

   e.  in failing to turn the vehicle in an effort to avoid the collision in question;

   f.  in failing to warn Plaintiff of the impending collision by using his horn or some other warning device;

   g.  in failing to comply with Federal and State DOT regulations in the operation of the commercial motor vehicle;

   h.  in failing to properly maintain the commercial vehicle so that it could safely operate on public roadways; and

   i.  in driving while distracted.

25.  Each of these acts and/or omissions of Defendant William J. Tousey, whether taken singularly or in any combination constitute negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

### V.     COUNT II – GROSS NEGLIGENCE OF WILLIAM J. TOUSEY

26.    Plaintiff incorporates by reference herein all allegations set forth above.

27.    Defendant William J. Tousey's negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, Defendant William J. Tousey's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  Defendant William J. Tousey had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff and others similarly situated.

28.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence *per se* and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

### VI.     COUNT III – RESPONDEAT SUPERIOR / NEGLIGENCE<br>OF B&D SPECIALIZED HAULING, INC.

29.    Plaintiff incorporates by reference herein all allegations set forth above.

30.    Defendant B&D Specialized Hauling, Inc. is liable under the theory of *respondeat superior* in that Defendant William J. Tousey was acting within the course and scope of his employment with and/or operating under the DOT authority of Defendant B&D Specialized Hauling, Inc. at the time the incident occurred.

### VII.     COUNT IV – NEGLIGENT HIRING / RETENTION / TRAINING /<br>ENTRUSTMENT OF B&D SPECIALIZED HAULING, INC.

31.    Plaintiff incorporates by reference herein all allegations set forth above.

32.   Defendant B&D Specialized Hauling, Inc. was independently negligent in one or more of the following aspects:

    a.   Negligent hiring;

    b.   Negligent entrustment;

    c.   Negligent driver qualification;

    d.   Negligent training and supervision;

    e.   Negligent retention;

    f.   Negligent contracting; and

    g.   Negligent maintenance.

33.   Defendant B&D Specialized Hauling, Inc. is liable for the negligent entrustment of its DOT authority and/or its commercial motor vehicle to William J. Tousey. Defendant B&D Specialized Hauling, Inc. was the owner and/or DOT operator of the vehicle driven by William J. Tousey at the time of the collision that makes the basis for Plaintiff's lawsuit. Defendant B&D Specialized Hauling, Inc. negligently entrusted its DOT authority and/or its vehicle to William J. Tousey, whom Defendant B&D Specialized Hauling, Inc. knew or should have known was an unlicensed, incompetent and/or reckless driver. Defendant B&D Specialized Hauling, Inc. violated its duty to exercise ordinary care in the entrustment and operation of its commercial motor vehicle. Defendant B&D Specialized Hauling, Inc. was negligent in the hiring, qualification, training, supervision and/or retention of Defendant William J. Tousey. Defendants were negligent in the maintenance of the commercial motor vehicle.

34.   Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence *per se* and gross negligence which proximately

caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff Betty Sue Chitwood suffered and which he will continue to suffer in the future, if not for the remainder of her natural life.

## VIII.  COUNT V – GROSS NEGLIGENCE OF B&D SPECIALIZED HAULING, INC.

35.  Plaintiff incorporates by reference herein all allegations set forth above.

36.  Defendant B&D Specialized Hauling, Inc.'s conduct was more than momentary thoughtlessness or inadvertence.  Rather, Defendant B&D Specialized Hauling, Inc.'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  Defendant B&D Specialized Hauling, Inc. had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff Betty Sue Chitwood and others similarly situated.

37.  Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence *per se* and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff Betty Sue Chitwood suffered and which she will continue to suffer in the future, if not for the remainder of her natural life.

## IX.  DAMAGES

38.  As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff suffered severe bodily injuries to her head, neck, back, other parts of her body, and broke 8 ribs.  The injuries are permanent in nature and have had a serious effect on Plaintiff's health and well-being.  These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental conditions to deteriorate generally, and

the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of their injuries, Plaintiff suffered great physical and mental pain, suffering, and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

39.   As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

40.   As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for medical care and attention.

## X.   PRAYER FOR RELIEF AS TO ALL COUNTS

41.   WHEREFORE, Plaintiff is entitled to damages from the Defendants, and does hereby pray that judgment be entered in her favor in excess of the jurisdictional limits, and against the Defendants as follows:

    a.   Property damages for the total loss of her vehicle;

    b.   Pain and suffering in the past;

    c.   Pain and suffering in the future;

    d.   Mental anguish in the past;

    e.   Mental anguish in the future;

f.      Past medical expenses;

g.      Future medical expenses;

h.      Physical impairment in the past;

i.      Physical impairment in the future;

j.      Physical disfigurement in the past;

k.      Physical disfigurement in the future;

l.      Loss of earnings;

m.      Loss of earning capacity; and

n.      Exemplary and punitive damages.

Plaintiff further seeks any further and additional relief at law or in equity that this Court may deem appropriate or proper.

Respectfully submitted,
**THOMAS J. HENRY LAW, PLLC**

By:    _____
Russell W. Endsley
State Bar No. 24026824
Federal Bar No. 28492
*Attorney In Charge*

521 Starr Street
Corpus Christi, Texas 78401
Telephone: 361-985-0600
Facsimile: 361-985-0601
*e-mail: rendsley-svc@tjhlaw.com
*service by e-mail to this address only
*Attorneys for Plaintiff*